**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **H C DREW ESTATE** | **CASE NO.  2:25-CV-01129** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **COX & PERKINS EXPLORATION INC., ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

This matter has been removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332 by SWN Production (Louisiana), LLC ("SWN"), which describes itself as successor in interest to Indigo II Louisiana Operating, LLC ("Indigo").[1]  Doc. 1.  Indigo is a named defendant, and the state court record contains a service return indicating that Indigo was served through its registered agent.  Doc. 1, att. 2, p. 51.  Those portions of the state court record attached to the Notice of Removal do not indicate that SWN was named as a party or formally joined the litigation through intervention, amendment, or otherwise.  Doc. 1, att. 1–10.

Under precedent from the United States Fifth Circuit Court of Appeals, "[a] non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (remanding action to district court with instructions to remand to state court, where removing entity was a non-party affiliate of named defendant).  Since the *Valencia* decision, this court has declined

---

[1] SWN, in turn, is predecessor-in-interest to Expand Gulf Coast LLC ("Expand").  *See* doc. 19, p. 1. Expand appears to have been added to the docket of this matter on September 15, 2025, after it filed *Expand Gulf Coast LLC's Motion for Partial Dismissal and Motion to Stay Proceedings* [doc. 19] just four days after SWN filed a *List of Parties and Pleadings Submitted Pursuant to 28 U.S.C. § 1447(b) and Court Order in Connection with Notice of Removal* [doc. 15], in which Expand was not listed as a party to the proceeding.

1

to follow earlier jurisprudence allowing removal by a purportedly misnamed defendant, noting the clarity of *Valencia's* directive. *Calcasieu Cameron Hosp. Serv. Dist. v. Zurich Am. Ins. Co.*, No. 2:22-CV-05414, 2022 WL 16951675, at *2 (W.D. La. Nov. 15, 2022). Other courts in this circuit have similarly reasoned that *Valencia's* unambiguous holding precludes any unnamed defendant from removing, even if the removing party claims to be the party plaintiff actually "meant to sue" and that the named defendant "does not exist." *Casas v. Anthony Mech. Servs., Inc.*, No. 5:21-CV-168-H, 2022 WL 541787, at *1, 8 (N.D. Tex. Feb. 23, 2022) (noting that no cases rendered after *Valencia* support removing party's arguments).

Because subject matter jurisdiction may not be waived, it may be considered at any time. *Gray ex rel. Rudd v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 411 & n. 10 (5th Cir. 2004). "[I]f the defendant named in the state court petition is not diverse, this Court could not have subject matter jurisdiction under Section 1332 over the case no matter what the removing non-party alleged as to its (the removing non-party's) citizenship." *Weekes v. Allstate Fire & Cas. Ins. Co.*, 690 F. Supp. 3d 599, 609 (N.D. Tex. 2023). Assuming for the sake of argument that named defendant Indigo shares citizenship with plaintiff, remand may be required.[2] *Id.*

Before resolving any of the substantive disputes before the court, the court requires supplementary briefing regarding the propriety of removal and the court's subject matter jurisdiction.

Accordingly, it is **ORDERED** that SWN Production (Louisiana), LLC, who removed this lawsuit to federal court, shall address the concerns raised in this order through a response to be

---

[2] This assumption is not without support. Plaintiff H.C. Drew Estate is alleged to be a citizen of the state of Louisiana. Doc. 1, p. 5. The Louisiana Secretary of State's records for Indigo II Louisiana Operating LLC show three officer/members with the same Louisiana address, presumably a business address. Because "the citizenship of a LLC is determined by the citizenship of all of its members[,]" it is presumed that one of these individuals could be a Louisiana citizen. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

2

filed on or before **August 10, 2026**, which shows the court how there was federal subject matter jurisdiction at the time this case was removed or, if there was not, how (if at all) the jurisdictional deficiencies noted in this order may be cured, such that remand is not required.  A reply thereto may be filed by **August 17, 2026**.

**SO ORDERED** at Lake Charles, Louisiana, this 30th day of July, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**